IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No. | 5:19-CR-177 (NAM) |
| ) | | |
| v. ) | **Indictment** | |
| ) | | |
| **ISIDRO DE LOS SANTOS,** ) | Violation: | 21 U.S.C. §§ 841(a)(1) and 846 [Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances] |
| **WALDEMAR COLON, and** ) | | |
| **LUIS CARRASQUILLO,** ) | | |
| ) | | |
| **Defendants.** ) | | |
| ) | | 21 U.S.C. § 841(a)(1) [Distribution and Possession with Intent to Distribute Controlled Substances] |
| ) | 8 Counts & Forfeiture Allegation | |
| ) | County of Offense: | Onondaga |

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAY 0 1 2019
AT____ O'CLOCK____
John M. Domurad, Clerk - Syracuse

**THE GRAND JURY CHARGES:**

**COUNT 1**
[**Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances**]

From in or about December 2018 to January 31, 2019, in Onondaga County in the Northern District of New York, and elsewhere, the defendants,

**ISIDRO DE LOS SANTOS,
WALDEMAR COLON, and
LUIS CARRASQUILLO,**

conspired with each other and others to knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

As to defendant **ISIDRO DE LOS SANTOS,** that violation involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled

substance, in violation of Title 21, United States Code, Section 841(b)(1)(A); 100 grams or more of a mixture and substance containing a detectable amount of acetyl fentanyl, an analogue of N-Phenyl-N-[1-(2-Phenylethyl)-4-Piperidinyl] Propanamide (fentanyl), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A); 40 grams or more of a mixture or substance containing a detectable amount of N-Phenyl-N-[1-(2-Phenylethyl)-4-Piperidinyl] Propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B); and cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

As to defendant **WALDEMAR COLON**, that violation involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B); 40 grams or more of a mixture and substance containing a detectable amount of N-Phenyl-N-[1-(2-Phenylethyl)-4-Piperidinyl] Propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B); and cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

As to defendant **LUIS CARRASQUILLO**, that violation involved heroin, a Schedule I controlled substance; and cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

### COUNTS 2 through 7
**[Distribution and Possession with Intent to Distribute Controlled Substances]**

On or about each of the dates listed below, in Onondaga County, in the Northern District of New York, defendant **ISIDRO DE LOS SANTOS** knowingly and intentionally distributed and possessed with intent to distribute one or more controlled substances, in violation of Title 21,

United States Code, Section 841(a)(1), with these violations involving the controlled substances listed below, in violation of Title 21, United States Code, Sections 841(b)(1)(B) and (b)(1)(C).

| Count | Date | Controlled Substances Involved in Violation |
|---|---|---|
| Two | December 6, 2018 | A mixture of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, and a separate quantity of cocaine, a Schedule II controlled substance |
| Three | December 13, 2018 | A mixture of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance |
| Four | December 19, 2018 | 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance |
| Five | January 3, 2019 | 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance |
| Six | January 8, 2019 | 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance |
| Seven | January 23, 2019 | A mixture of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, and a separate quantity of cocaine, a Schedule II controlled substance |

On the dates listed above, defendant **WALDEMAR COLON** aided and abetted the knowing and intentional distribution alleged in Counts Two through Seven, and defendant **LUIS CARRASQUILLO** aided and abetted the knowing and intentional distribution alleged in Count Two, all in violation of 18 U.S.C. § 2(a).

## COUNT 8
[Possession with Intent to Distribute Controlled Substances]

On or about January 31, 2019, in Onondaga County, in the Northern District of New York, defendant **ISIDRO DE LOS SANTOS** did knowingly and intentionally possess with intent to distribute one or more controlled substances, in violation of Title 21, United States Code, Section 841(a)(1). That violation involved the following: in one package, approximately 608 grams of a mixture and substance containing a detectable amount of acetyl fentanyl, an analogue of N-Phenyl-N-[1-(2-Phenylethyl)-4-Piperidinyl] Propanamide (fentanyl), a Schedule I controlled substance;

N-Phenyl-N-[1-(2-Phenylethyl)-4-Piperidinyl] Propanamide (fentanyl), a Schedule II controlled substance; and heroin, a Schedule I controlled substance; and, in another package, approximately 134 grams of a mixture and substance containing a detectable amount of N-Phenyl-N-[1-(2-Phenylethyl)-4-Piperidinyl] Propanamide (fentanyl), a Schedule II controlled substance, and heroin, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 841(b)(1)(A).

## FORFEITURE ALLEGATION

1. The allegation contained in Count One of this Indictment is hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 and 846, the defendants, **ISIDRO DE LOS SANTOS, WALDEMAR COLON AND LUIS CARASQUILLO**, shall forfeit to the United States of America any property constituting, and derived from, any proceeds obtained, directly and indirectly, as the result of such offenses and any property used, and intended to be used, in any manner and part, to commit, and to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

    a. A money judgment in the amount of the unrecovered proceeds personally obtained by each defendant.

3. The allegations contained in Counts Two through Seven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

4. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendant, **ISIDRO DE LOS SANTOS**, shall forfeit to the United States of America any property constituting, and derived from, any proceeds obtained, directly and indirectly, as the result of such offenses and any property used, and intended to be used, in any manner and part, to commit, and to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

    a. A money judgment in the amount of $2,150.00 (Count Two).

    b. A money judgment in the amount of $3,000.00 (Count Three).

    c. A money judgment in the amount of $ 3,640.00 (Count Four).

    d. A money judgment in the amount of $ 3,000.00 (Count Five).

    e. A money judgment in the amount of $ 1,450.00 (Count Six).

    f. A money judgment in the amount of $ 2,500.00 (Count Seven).

5. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendant, **WALDEMAR COLON**, shall forfeit to the United States of America any property constituting, and derived from, any proceeds obtained, directly and indirectly, as the result of such offenses and any property used, and intended to be used, in any manner and part, to commit, and to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

    a. A money judgment in the amount of $225.00 (Count Two).

    b. A money judgment in the amount of $300.00 (Count Three).

    c. A money judgment in the amount of $ 645.00 (Count Four).

    d. A money judgment in the amount of $ 300.00 (Count Five).

    e. A money judgment in the amount of $ 300.00 (Count Six).

   f. A money judgment in the amount of $ 2,500.00 (Count Seven).

6. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendant, **LUIS CARASQUILLO**, shall forfeit to the United States of America any property constituting, and derived from, any proceeds obtained, directly and indirectly, as the result of such offenses and any property used, and intended to be used, in any manner and part, to commit, and to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. A money judgment in the amount of $100.00 (Count Two).

7. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

Dated:   May 1, 2019

A TRUE BILL,   *Name Redacted

Grand Jury Foreperson

GRANT C. JAQUITH
United States Attorney

By: _____
Richard R. Southwick
Assistant United States Attorney
Bar Roll No. 506265